UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIO D. BLUE, | ) Case No. 1:25-cv-01563 |
| Plaintiff, | ) ) Judge J. Philip Calabrese |
| v. | ) ) Magistrate Judge |
| FIRSTCREDIT, INC., | ) Jennifer Dowdell Armstrong ) |
| Defendant. | ) ) ) |

**OPINION AND ORDER**

Plaintiff Mario D. Blue filed suit without a lawyer in State court against Defendant FirstCredit, Inc. alleging violations of the Fair Debt Collection Practices Act. Defendant removed the case on the basis of federal question jurisdiction. In a previous case with identical claims, another Judge in the Northern District of Ohio enjoined Mr. Blue from filing any new lawsuits without first obtaining leave to do so. Pursuant to that Order, on July 28, 2025, the Court stayed this action and notified Plaintiff that it would dismiss the case after 30 days if he did not seek leave to proceed. On July 31, 2025, Plaintiff moved for leave to proceed.

**STATEMENT OF FACTS**

On October 29, 2024, Defendant FirstCredit, Inc. mailed a debt collection form for unpaid civil court costs of $220.89 to Plaintiff Mario D. Blue. (ECF No. 1-2, ¶ 1, PageID #8 & #11.) On November 18, 2024, Mr. Blue served FirstCredit with a "dispute notice" requesting that FirstCredit validate the alleged debt and provide the name and address of the original creditor. (*Id.*, ¶ 2, PageID #8 & #9.) Further,

Mr. Blue stated in the notice that he refused to pay the alleged debt and requested that FirstCredit cease further communication with him. (*Id.*) The same day, Mr. Blue served FirstCredit with a "violation review," alleging multiple violations under the Fair Debt Collection Practices Act and seeking monetary damages. (*Id.*, ¶ 3, PageID #8 & #10.) According to Mr. Blue, FirstCredit has not complied with either of his written demands. (*Id.*, PageID #8.)

## STATEMENT OF THE CASE

Plaintiff filed suit against Defendant in State court and served Defendant with his complaint on or about June 30, 2025. (ECF No. 1, ¶ 1, PageID #1.) Plaintiff alleges violations of the Fair Debt Collection Practices Act. (ECF No. 1-2, ¶¶ 4–7, PageID #8.) Specifically, Plaintiff claims that Defendant violated: (1) 15 U.S.C. § 1692c(a) for failure to receive consent from Plaintiff or "express permission from a court of competent jurisdiction to communicate with Plaintiff through the debt collection form"; (2) 15 U.S.C. § 1692d(2) for the use of "obscene language" on the debt collection form; (3) 15 U.S.C. § 1692e(14) for the use of "the name of another company"—the Office of the Ohio Attorney General—"other than the true name of the debt collector's business" on the debt collection form; and (4) 15 U.S.C. § 1692j(a) for preparing the debt collection form "knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection . . . when in fact such person is not so participating." (*Id.*) Plaintiff seeks $15,000 in monetary damages. (*Id.*, PageID #8.)

On July 28, 2025, Defendant removed the case on the basis of federal question jurisdiction. (ECF No. 1, ¶ 3, PageID #1.) The same day, the Court stayed this action pursuant to an Order from another Judge in this District that enjoined Mr. Blue from filing any new lawsuits without first obtaining leave to do so. (ECF No. 6.) The Court notified Plaintiff that it would dismiss the case after 30 days if he did not seek leave to proceed. (*Id.*) On July 31, 2025, Plaintiff moved for leave to proceed. (ECF No. 7.)

## SERIAL FILINGS

Notably, this is not the first time that Mr. Blue has brought such claims and made similar arguments to those at issue here. He has filed suits against other debt collectors under nearly identical circumstances. *See Blue v. Monarch Recovery Mgmt., Inc.*, No. 1:24-cv-2244, 2025 WL 638911 (N.D. Ohio Feb. 27, 2025); *Blue v. Midland Credit Mgmt., Inc.*, No. 1:22-cv-1518 (N.D. Ohio Nov. 2, 2022). Also, Mr. Blue has filed numerous cases challenging his child support collection under the Fair Debt Collection Practices Act. *See Blue v. Ryan*, No. 1:19-cv-00962 (N.D. Ohio Oct. 31, 2019); *Blue v. United States Dep't of Treasury Bureau of the Fiscal Serv.*, No. 1:19-cv-01681 (N.D. Ohio Nov. 14, 2019); *Blue v. United States Dep't of Treasury*, No. 1:19-cv-01926 (N.D. Ohio Dec. 27, 2019); *Blue v. Wendy R*, No. 1:20-cv-00134 (N.D. Ohio May 4, 2020); *Blue v. CSEA*, No. 1:20-cv-02423 (N.D. Ohio Feb. 24, 2021). Eventually, a Judge in this District permanently enjoined Mr. Blue from filing actions in the Northern District of Ohio without first seeking and obtaining leave to do so. *Blue v. CSEA*, No. 1:20-cv-02423, ECF No. 7 (N.D. Ohio Sept. 29, 2021).

3

Mr. Blue found a way to "bypass the enjoining Order" by filing his claims under the Fair Debt Collection Practices Act in State court, prompting the defendants to remove those cases to federal court. *Monarch*, 2025 WL 638911, at *3 (citing *Blue v. Fifth Third Bank*, No. 1:21-cv-01609 (N.D. Ohio Dec, 6, 2021); *Blue v. Capital One Auto Fin.*, No. 1:22-cv-00518 (N.D. Ohio Apr. 12, 2022); *Blue v. Midland Credit Mgmt., Inc.*, No. 1:22-cv-01518 (N.D. Ohio Nov. 2, 2022); *Blue v. Factual Data, Inc.*, No. 1:23-cv-01182 (N.D. Ohio Mar. 28, 2024); *Blue v. Trans Union, LLC*,1:23-cv-01125 (N.D. Ohio Sep. 18, 2024)). As the *Monarch* Court noted, all of these cases were dismissed as frivolous. *Id.* To prevent further use of this loophole to evade restrictions on Mr. Blue's ability to file, the Judge in *Monarch* permanently enjoined Mr. Blue from "filing or proceeding with any new lawsuits or other documents in this Court without first seeking leave of court . . . regardless of whether a case is filed in this federal court originally or transferred or removed to this Court by another federal or state court." 2025 WL 638911, at *4.

## ANALYSIS

In his motion for leave to proceed, Plaintiff "asserts that the claims presented in the Complaint are brought in good faith, are supported by facts and law, and do not constitute duplicative or frivolous litigation." (ECF No. 7, ¶ 3, PageID #33.) Not true. For example, in *Monarch*, the debt collector mailed Mr. Blue a debt collection letter, Mr. Blue responded with a "dispute notice" and a "violation report" on the same day alleging the same four violations of the FDCPA almost verbatim to this case, and Mr. Blue sought $15,000 in monetary damages. 2025 WL 638911, at *1.

The Court need not repeat the same analysis as the *Monarch* Court. In short, Mr. Blue's claim there under 15 U.S.C. § 1692c(a) failed because his complaint contained no facts suggesting that any of the circumstances where consent was required to communicate about a debt apply. *Id.* at *2. So too here. Plaintiff provides no indication that: (1) the collection is "at any unusual time or place or a time or place known to be inconvenient to the consumer"; (2) the debt collector knew the consumer was represented by counsel; or (3) the debt collector intended to contact the consumer at his place of employment with knowledge that the consumer's employer prohibited the receipt of such communication. *Id.*; 15 U.S.C. § 1692c(a).

Next, the court in *Monarch* determined that there was no "obscene language" in the debt letter to constitute a violation of 15 U.S.C. § 1692d(2). *Id.* A review of the letter at issue in this case yields the same result. (ECF No. 1-2, PageID #11.) The letter appears to be a standard debt collection letter with no indication of obscene language. (*Id.*) Nor does Plaintiff identify this alleged obscene language.

In addition, the *Monarch* Court determined that the defendant did not violate 15 U.S.C. § 1692e(4) because it was not using the name of another company on the debt collection form in place of the debt collector business, but rather listing "the creditor for whom Defendant is collecting a debt." *Monarch*, 2025 WL 638911, at *2. In this case, Plaintiff's argument suffers from the same defect. Defendant lists the name of the Office of the Ohio Attorney General not in place of itself, but as the creditor. (ECF No. 1-2, PageID #11.) Plainly, the letter states that "FirstCredit, Inc.

5

is a debt collector. We are trying to collect a debt that you owe to Office of Ohio Attorney General." (*Id.*)

Finally, the court in *Monarch* determined that Mr. Blue's complaint "contains no facts that suggest [the defendant] was not authorized by [the creditor] to collect the debt" or was deceptive in violation of 15 U.S.C. § 1692j(a) because the letter clearly identified the creditor, the debt collector, and the purpose of the letter. *Monarch*, 2025 WL 638911, at *2. The same is true here. (*See* ECF No. 1-2, PageID #11.)

In both *Monarch* and this case, Mr. Blue appears to have "utilized a preprinted form from the internet and merely checked boxes for different causes of action under the FDCPA," making "no attempt to apply those statutes to the facts of his case." *Monarch*, 2025 WL 638911, at *3. Therefore, the Court finds that Plaintiff's claims are "'so unsubstantial, frivolous and devoid of merit' that dismissal is required." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam)).

## CONCLUSION

For all of these reasons, the Court **DISMISSES** this action **WITH PREJUDICE**.

**SO ORDERED.**

Dated: July 31, 2025

                                                           J. Philip Calabrese
                                                           United States District Judge
                                                           Northern District of Ohio